IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DERRICK L. SMITH,

                Plaintiff,                        ORDER

      v.                                  09-cv-387-bbc

GREG GRAMS, Warden,
JANE DOE, SULIENE, Doctor,
JANE DOE Nurse #1,
JANE DOE Nurse #2,
JANE DOE Nurse #3,
JANE DOE, Security Director,,
                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order dated July 21, 2009, I assessed plaintiff Derrick Smith an initial partial payment of the filing fee in the amount of $3.52 and gave him until August 10, 2009, in which to make the payment. In response to the July 21 order, plaintiff has submitted a letter to the court that I construe as a motion to order prison officials to submit the initial partial payment. Dkt. #13. He has attached to his motion a disbursement request dated August 3, 2009, on which a prison employee in the business office named M. Kerr notes that plaintiff's pay "is subject to deductions owed." A review of the trust fund account statement

1

plaintiff submitted on July 16, 2009, shows that he has been receiving regular income to his prison account since at least November 2008. Plaintiff's statement shows also that any income he receives is automatically deducted to pay state court filing fees and various loans and obligations.

It is not clear whether plaintiff's initial payment has not been remitted because prison officials have chosen to give priority to plaintiff's other debts or whether plaintiff has not received any income from which the initial partial payment can be made. The Seventh Circuit has not definitively ruled on the question whether jails and prisons may ignore a plaintiff's obligations under the Prison Litigation Reform Act in favor of making payments on debts a prisoner owes to the county, state or even his victims under a restitution program. However, in Newlin v. Helman, the court of appeals suggested in dicta that prison officials are required by statute to give priority to federal court filing fees: "[initial partial payment] should have been immediate, and its collection should have come off the top of the next deposit of prison wages." Newlin v. Helman, 123 F.3d 429, 435-36 (7th Cir. 1997). Thus, the fact that plaintiff has other debts and obligations should not prevent him from making the initial partial payment he has been assessed in this case.

Because I do not wish to decide this matter without allowing the prison an opportunity to address the issue, I am sending a copy of this order to the warden at the Columbia Correctional Institution, and requesting that he look into the matter and advise

this court, in writing, of the status of plaintiff's request for withdrawal of the initial partial payment. If it is the case that plaintiff has not received any income since entry of the July 21 order assessing the $3.52 payment and he has no available funds in his release account, then plaintiff will have until September 9, 2009, to obtain the funds from another source or he may refile his case at a later date when a six-month trust fund account statement would show that he has had no income for an entire six-month period. Alternatively, if the warden determines that a state statute, a state court order or prison policy is guiding the decision to give priority to plaintiff's state court obligation to the exclusion of his federal court obligation, then he is requested to advise the court of that authority.

An additional matter requires comment. In his recent letter, plaintiff says that he is in "a dangerous environment" because prison officials have denied him medical treatment and access to the courts. Although plaintiff has already filed a motion for a preliminary injunction, his request for injunctive relief cannot be considered unless he makes his initial partial payment. In addition, plaintiff should be aware that this court requires that a party seeking emergency injunctive relief follow specific procedures for obtaining such relief. Those procedures are described in a document titled <u>Procedure To Be Followed On Motions For Injunctive Relief</u>, a copy of which is included with this order. The court will not consider a motion for a preliminary injunction unless these procedures are followed.

3

ORDER

IT IS REQUESTED that no later than August 26, 2009, the warden at Columbia Correctional Institution is to advise this court of the status of plaintiff's request for withdrawal of the initial partial payment in this case.

Further, IT IS ORDERED that plaintiff's motion to order prison officials to submit the initial partial payment (dkt. #13) is STAYED pending receipt of the warden's correspondence with this court regarding the withdrawal of petitioner's initial partial payment.

Entered this 14th day of August, 2009.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge