IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DERRICK L. SMITH,

                   ORDER

        Plaintiff,

                     09-cv-387-bbc

  v.

GREG GRAMS, Warden,
JANE DOE, SULIENE, Doctor,
JANE DOE Nurse #1,
JANE DOE Nurse #2,
JANE DOE Nurse #3,
JANE DOE, Security Director,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    In this prisoner civil rights case, plaintiff has filed a document entitled "Emergency petition for restraining order & emergency injunctive relief." From a review of the documents submitted by plaintiff, it is apparent that he is pursuing a civil suit against prison officials under 42 U.S.C. § 1983. In addition, plaintiff has moved for a preliminary injunction, dkt. #3, for leave to amend his complaint, dkt. #4, and for appointment of counsel, dkt. #7. He has requested leave to proceed without prepayment of costs and has paid an initial partial filing fee.

1

Because plaintiff is a prisoner, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed on his case if he has had three or more lawsuits or appeals dismissed for lack of legal merit, or if his complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a respondent who by law cannot be sued for money damages. 28 U.S.C. § 1915(e). However, plaintiff is also a pro se litigant, which means his complaint will be construed liberally as it is reviewed for these potential defects. Haines v. Kerner, 404 U.S. 519, 521 (1972).

In his proposed complaint, and later in his proposed amended complaint, plaintiff identifies three claims: that he is not receiving adequate medical treatment for his skin condition, that he is not receiving adequate medical treatment for his neck and head injury and that the warden is denying his access to the courts. Several procedural problems prevent me from screening his complaint to determine the merits of these claims. As a result of these problems, I will dismiss plaintiff's proposed complaint and deny his request for leave to amend his complaint. For related reasons, I will deny his motion for a preliminary injunction and motion for appointment of counsel. Plaintiff will have an opportunity to file a second amended complaint to address the problems with his complaint. He may then file a new motion for preliminary injunction pursuant to this court's procedures and move for appointment of counsel, as explained below.

Under Fed. R. Civ. P. 8, plaintiff must provide adequate notice to defendants of the claims he is asserting against them. To satisfy Rule 8 in this case, plaintiff must describe his medical needs and explain how each defendant related to those claims was involved in

2

providing him treatment for those needs or disregarded his requests for treatment. Plaintiff does not describe what any of the medical care providers knew about his need for treatment or provide many details about what each did to address those needs. Plaintiff's head injury treatment is mentioned only in passing and the skin condition treatment is described only generally except with regard to a couple of incidents involving skin cream that caused plaintiff to suffer an allergic reaction. Plaintiff must describe each incident of medical disregard or mistreatment with enough detail to put defendants on notice of what plaintiff says each one did to violate the Eighth Amendment.

In addition, plaintiff does not describe how any defendant provided him treatment or disregarded his requests for treatment. Plaintiff does not mention defendant Suliene at all in his complaint (or amended complaint), although he names her as a defendant. As for the "Jane Doe" nurses he names, he does discuss "nurses," but there is no way of no way of knowing which nurse did what. In his proposed amended complaint, plaintiff should explain which "Jane Doe" nurse (##1-3) was involved in each incident of treatment or disregard.

As for plaintiff's access to the courts claim, plaintiff does not describe how the warden's alleged interference has blocked or impeded his ability to proceed on any specific lawsuit. To proceed on this claim, plaintiff must provide sufficient details about one or more specific lawsuits and how the warden's alleged interference has hurt plaintiff's ability to litigate those lawsuits.

Next, although plaintiff attaches several documents to his proposed amended complaint such as grievances and patient reports, those documents cannot be considered part

3

of his complaint. They fail to satisfy Rule 8's requirement that a complaint include only a "short and plain" statement of the facts. Moreover, a stack of documents such as the one plaintiff attaches does not itself give defendants adequate notice of plaintiff's concerns with those documents. To the extent plaintiff has attached the documents because he thinks he needs to "prove up" his claims, he is mistaken. At this early stage, plaintiff may simply allege those facts he needs to state a claim. The need to provide evidence to support his claims will come at a later date, when defendant files a motion for summary judgment or when the case proceeds to trial.

Rule 8 is not the only problem with plaintiff's complaint (and amended complaint). Pursuant to Rule 20 of the Federal Rules of Civil Procedure, a plaintiff may not bring unrelated claims in a single lawsuit. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (complaint raising unrelated issues against different defendants "should be rejected" by district court in accordance with Rule 20). Only those claims that arise out of the same transaction or occurrence or series of transactions or occurrences and that present questions of law or fact common to all may proceed together in a single lawsuit. Id. (There is an exception that allows unrelated claims to be joined if the defendants are identical or the defendants of one claim are a subset of the other, Fed. R. Civ. P. 18, but that rule does not appear to apply to the facts of this case.)

At this stage, it is impossible to tell whether plaintiff's claims against the Jane Doe nurses may proceed in a single lawsuit, but it is safe to say that plaintiff's access to the courts claim is not related to his medical care claims and cannot proceed in the same lawsuit. To

4

address this problem, plaintiff will have to choose whether in this case he wishes to pursue his access to the courts claim or his medical care claims and direct his second amended complaint to one or the other. If he still wishes to pursue the claim he removes from this case, he will have to file a separate lawsuit. If, upon reviewing the second amended complaint, it continues to suffer from Rule 20 problems, the separate claims will have to be severed into separate lawsuits, each of which will be subject to a separate filing fee (starting with an initial partial payment) and subject to screening and the potential for a strike pursuant to 28 U.S.C. § 1915.

Because plaintiff's proposed complaint fails to meet the requirements of Fed. R. Civ. P. 8 and 20, it will be dismissed. Because plaintiff's proposed amended complaint fares no better, I will deny plaintiff's motion for leave to amend his complaint as well. Plaintiff may have until October 8, 2009 in which to file a second amended complaint that satisfies these requirements. On a related note, plaintiff should not expect that he will have unlimited opportunities to amend his complaint on an ongoing basis. (Before making his initial partial payment, plaintiff had already filed a complaint, an amended complaint and several "letters" in which he provides details related to his claim. Dkts. ##9, 11, 13.) A complaint cannot be a moving target and defendants cannot be expected to piece together plaintiff's allegations from different "letters" and other documents. Plaintiff must file a single document that includes sufficient details to state a claim. At a later date, plaintiff will have an opportunity to amend his complaint once more to fill in the names of the Doe defendants, but other attempts to add details through letters or supplement his complaint will likely be

5

disregarded.

This leaves plaintiff's motions for a preliminary injunction and appointment of counsel. Because I will dismiss his complaint for failure to comply with Rules 8 and 20, these motions are moot. He may file these motions again after he submits a viable complaint, but he should keep the following in mind. First, plaintiff's motion for a preliminary injunction must follow this court's procedures. I have attached a copy of those procedures to this order. Second, before the court considers plaintiff's request for appointment of counsel, plaintiff will have to show the court that he has made reasonable efforts to find a lawyer on his own and has been unsuccessful or that he has been prevented from making such efforts. Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992). Even if plaintiff makes such a showing, his request for appointment of counsel is likely to be denied at such an early stage in the proceedings. Appointment of counsel is appropriate in those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the petitioner's demonstrated ability to prosecute it. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff's stated concerns are related to his difficulty speaking in front of others (he describes his lisp and his anxiety problems), but nothing suggests he would have an especially hard time performing the tasks required to litigate his case at its present stage (which might include making and responding to discovery requests and preparing responses to any motions defendant might prepare in the case).

ORDER

IT IS ORDERED that:

1. Plaintiff Derrick L. Smith's motion for leave to amend his complaint, dkt. #4, is DENIED.

2. Plaintiff's request for leave to proceed in this action is DENIED and the complaint is DISMISSED because it is in violation of Fed. Rs. Civ. P. 8 and 20.

3. Plaintiff's motion for a preliminary injunction, dkt. #3, and motion for appointment of counsel, dkt. #7, are DENIED as moot.

4. Plaintiff may have until October 8, 2009, in which to submit a proposed amended complaint that conforms to the requirements of these rules. If, by October 8, 2009, plaintiff fails to respond to this order, the clerk of court is directed to close this case for plaintiff's failure to prosecute.

5. If, by October 8, 2009, plaintiff submits a revised complaint as required by this order, I will take that complaint under advisement for a determination whether plaintiff may proceed in this action pursuant to 28 U.S.C. § 1915.

Entered this 17th day of September, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

7