IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DERRICK L. SMITH,

Plaintiff,

OPINION and ORDER

09-cv-387-bbc

v.

GREG GRAMS, Warden,
JANE DOE, SULIENE, Doctor,
JANE DOE Nurse #1,
JANE DOE Nurse #2,
JANE DOE Nurse #3,
JANE DOE, Security Director,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered September 17, 2009, I dismissed plaintiff Derrick L. Smith's complaint and denied leave to file an amended complaint because neither the complaint nor the amended complaint complied with Fed. R. Civ. P. 8. In addition, because plaintiff's complaint included multiple claims against multiple defendants, I explained that the separate claims would have to proceed in separate lawsuits to comply with Fed. R. Civ. P. 20. Plaintiff has filed a proposed second amended complaint that includes enough detail to determine what plaintiff's claims are, but it does not address the Rule 20 problems in his

complaint. I adopt plaintiff's proposed second amended complaint as the operative pleading but conclude that it must be separated into five lawsuits.

Fed. R. Civ. P. 20(a) governs the number of parties a plaintiff may join in any one action. It provides that a plaintiff may sue more than one defendant when his injuries arise out of "the same transaction, occurrence, or series of transactions or occurrences" and when there is "any question of law or fact common to all defendants." George v. Smith, 507 F.3d 605 (7th Cir. 2007). Thus, under Rule 20, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim for relief against each of them that arises out of the same transaction or occurrence or series of transactions or occurrences and presents common questions of law or fact. 3A Moore's Federal Practice ¶ 20.06, at 2036-2045 (2d ed. 1978). After Rule 20 is satisfied, the plaintiff may add claims against one or more of the properly joined defendants, so long as the additional claims do not involve new defendants outside that group.

Applying these rules to this case, plaintiff's claims must be separated into five separate lawsuits, described as follows.

1. In Lawsuit #1, plaintiff may pursue his claims that defendants Gregory Grams and Al Morris retaliated against him and interfered with his access to the courts;

2. In Lawsuit #2, plaintiff may pursue his claims that defendant C.O. Kleeber interfered with his access to the courts and due process rights;

3. In Lawsuit #3, plaintiff may pursue his claims that defendants Lori Alsum,

Dalia Suliene and Jane Doe Nurses ##1 and 2 provided inadequate treatment for plaintiff's skin problems in violation of the Eighth Amendment;

4. In Lawsuit #4, plaintiff may pursue his claims that defendants Alsum, Suliene and John Doe Nurse #1 provided inadequate treatment for an unrelated head injury of plaintiff's; and

5. In Lawsuit #5, plaintiff may pursue his claims that defendants Alsum and Suliene failed to provide adequate treatment for an unrelated neck injury of plaintiff's and defendant Suliene retaliated against plaintiff for complaining about his medical care.

These separate lawsuits involve claims that do not arise out of the same series of transactions or occurrences and do not include the same defendants or subset of defendants as any other claim (except lawsuit #5, which includes a claim against Alsum and Suliene and a separate claim against Suliene).

Because plaintiff's complaint includes claims that cannot proceed in a single lawsuit, plaintiff will have to decide which claims to pursue. He may do so by submitting a response that describes the claims he wishes to pursue using the numbers I use to describe the lawsuits in the list above (##1-5). If plaintiff elects to pursue more than one lawsuit, he should explain which one he wants to pursue under this case number. The remaining lawsuits that he chooses to pursue will be assigned separate case numbers and plaintiff will be required to pay an additional initial partial payment for each additional lawsuit he chooses to pursue. For any lawsuit he dismisses voluntarily, he will not owe a filing fee.

Plaintiff should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, I have not undertaken a full screening of the merits of the claims raised in any of the lawsuits identified above. Once plaintiff identifies the suits he wants to continue to litigate and pays any additional filing fees, I will screen the individual actions that remain as required under 28 U.S.C. § 1915(e)(2). In addition, plaintiff should know that he could earn a strike for any lawsuit he pursues if any claims in that suit are dismissed for one of the reasons set out in 28 U.S.C. § 1915(g).

One final matter requires attention. Plaintiff has moved for a "Spears" hearing and for injunctive relief. Dkt. #21. Those motions will be addressed after plaintiff decides which lawsuits he wishes to pursue.

ORDER

IT IS ORDERED that

1. Plaintiff Derrick L. Smith may have until December 2, 2009, in which to identify for the court the separately numbered lawsuit identified in the body of this opinion on which he wishes to proceed under the number assigned to this case. Plaintiff's initial partial payment will be applied to this lawsuit.

2. Plaintiff may have until December 2, 2009, in which to advise the court which of the remaining separately numbered lawsuits he will prosecute, if any, and which he will withdraw voluntarily.

3. For each additional lawsuit that plaintiff advises the court he intends to prosecute

he will owe a separate filing fee and will be assessed an initial partial payment.

4. For any lawsuit that plaintiff dismisses voluntarily, he will not owe a filing fee.

5. If, by December 2, 2009, plaintiff fails to respond to this order, I will enter an order dismissing the lawsuit as it presently exists for plaintiff's failure to prosecute.

Entered this 20th day of November, 2009.

BY THE COURT:

/s/

________________________________

BARBARA B. CRABB
District Judge