IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DERRICK L. SMITH,

                Plaintiff,

      v.

GREG GRAMS, Warden,
JANE DOE, SULIENE, Doctor,
JANE DOE Nurse #1,
JANE DOE Nurse #2,
JANE DOE Nurse #3,
JANE DOE, Security Director,

                Defendants.

OPINION and ORDER

09-cv-387-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered November 20, 2009, I determined that plaintiff Derrick L.
Smith's amended complaint included multiple claims against multiple defendants that could
not proceed in a single lawsuit under Fed. R. Civ. P. 20.  I explained to plaintiff that, of the
five different groups of claims he had included in his complaint, he would have to choose one
group to sue in this lawsuit and, if he wanted to pursue other groups of claims, he would
have to do so in separate lawsuits.  Plaintiff has responded to that order, stating that he
wants to pursue only that group of claims that I described as "Lawsuit #1" in the November

1

20 order, which includes his "claims that defendants Gregory Grams and Al Morris retaliated against him and interfered with his access to the courts." Plaintiff has added that he wishes to pursue his suit only against defendant Grams.

Because plaintiff's complaint now satisfies Fed. R. Civ. P. 20, I must decide whether it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a respondent who by law cannot be sued for money damages. The 1996 Prison Litigation Reform Act requires such a "screening" of plaintiff's complaint. 28 U.S.C. § 1915(e). Because plaintiff is also a pro se litigant, however, his complaint will be construed liberally as it is reviewed for these potential defects. Haines v. Kerner, 404 U.S. 519, 521 (1972).

After reviewing plaintiff's amended complaint, I conclude that it does not satisfy the pleading requirements of Fed. R. Civ. P. 8. In an order entered September 17, 2009, I dismissed an earlier version of plaintiff's complaint for similar reasons. Dkt. #17. Nonetheless, it appears that plaintiff has made some progress; at least this time around he attempts to describe many of the facts related to his principal claim for denial of access to the courts. Thus, rather than dismiss his complaint outright, I will give him one last opportunity to address the problems identified below. Although plaintiff would like to provide additional allegations in the context of a "Spears" hearing, I will deny that request. Instead, plaintiff may have until January 5, 2010 in which to submit a second amended complaint that complies with Rule 8 by describing the facts that support each of the claims he has chosen to pursue. He should keep in mind that the second amended complaint must

2

be a *single document*.


ALLEGATIONS OF FACT

While plaintiff Derrick L. Smith was housed at the Dodge Correctional Institution, he was told that 100% of the money he received in his trust fund account would go towards the balance of the filing fees owed in a case he brought in the Circuit Court for Dane County, case number 03-cv-3547. Plaintiff brought grievances challenging the decision garnishing 100% of his money but all those grievances were dismissed after "superficial" investigation, on the ground that the policy of the Department of Corrections allowed 100% garnishment.

At some point, plaintiff was transferred to the Columbia Correctional Institution. There, he was required to start the grievance process "all over again." Plaintiff pursued his grievance through administrative appeals all the way to the "top level" of the Department. Among those who reviewed plaintiff's grievance on appeal was defendant Grams, warden of the Columbia Correctional Institution. Plaintiff's grievance was dismissed, and "no one thought to personally interview" plaintiff. Plaintiff explained in his grievances that he had an agreement with the Circuit Court for Dane County for repaying the costs, but this point was disregarded. (Plaintiff does not explain what that agreement was, but presumably under the agreement he would have been allowed to pay less than 100% of his income.)

At some point, defendant Morris gave plaintiff conduct report violations (plaintiff does not say for what), after which plaintiff lost gym, day room and library privileges. Other

prisoners receiving discipline, even for worse violations, still receive out-of-cell exercise and library privileges.

Plaintiff appealed the discipline to defendant Grams, explaining that he had statutory deadlines in cases pending in state and federal court and needed to review the civil rules of procedure for both courts.  Defendants Morris and Grams told plaintiff he could write the library for three cases but could not receive the rules of civil procedure.  Plaintiff was not allowed to research "relevant case laws" and state and federal procedural rules.

Also, at some point, defendant Grams started denying plaintiff's requests to receive additional legal loans, which prevented plaintiff from buying paper, pen, copies or postage.


OPINION

As I explained, plaintiff has decided to pursue "Lawsuit #1," which involves claims against defendant Grams for denial of access to the courts and retaliation.  In addition, plaintiff points out that he intended to assert claims for violation of his right to due process and equal protection under the law.


A.  <u>Retaliation</u>

To state a claim for retaliation, plaintiff was required to allege facts that could allow an inference to be drawn that defendant Grams denied plaintiff's access to the courts at least in part because plaintiff engaged in protected activity.  <u>Bridges v. Gilbert</u>, 557 F.3d 541, 546, 552 (7th Cir. 2009) (citations omitted).  Plaintiff alleges only that defendant Grams

4

"[was] retaliating against him for filing a claim against [Grams and Morris]."  However, plaintiff does not even identify what "claim" he filed against Grams and Morris.  If plaintiff is referring to the appeals plaintiff took against Grams's decisions, then he has it backwards; by the time he appealed Grams's decision, Grams had acted.  If plaintiff is referring to some other action he has filed against Grams, he does not identify that claim or explain why he thinks Grams mistreated him because of his filing such a claim.  All plaintiff has to support his claim for retaliation is the conclusory statement that Grams retaliated against him, which must be disregarded.  Aschcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

## B.  Equal Protection

Plaintiff's equal protection claim rests on nothing but the allegation that defendant "treat[ed] him worse than inmates that have [committed] far worse prison rule violations." However, an equal protection claim requires more than mere unequal treatment.  Plaintiff was required to allege facts suggesting that defendant treated him unequally because of his membership in a "protected class," such as his race, Johnson v. California, 543 U.S. 499 (2005), or at least that there was no rational basis for defendant's treatment of plaintiff, City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 440 (1985); St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 639 (7th Cir. 2007) (At pleading stage, plaintiff must allege facts "sufficient to overcome the presumption of rationality that applies to government classifications.") (quoting Wroblewski v. City of Washburn, 965 F.2d 452, 460 (7th Cir. 1992)).  Plaintiff does neither.

5

C.  Due Process

Plaintiff's due process claim is even terser.  He simply lists due process as one of the "Civil Rights violations all the Defendants have committed against [plaintiff]."  The only losses plaintiff identifies are his loss of recreation, dayroom and library privileges.  Assuming his due process claim involves the deprivation of these privileges, and assuming he received inadequate process (a matter about which he is silent), his claim would still fail.  Due process claims require more than simply receiving some discipline without a hearing.  The right to procedural safeguards set out in the due process clause does not apply to prisoner discipline unless the prisoner faces discipline that would "impose[ an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 483-84 (1995).  Minor disciplinary actions such as those plaintiff describes do not fall into this category.  Cf. Marion v. Columbia Correction Institution, 559 F.3d 693, 697-98 (7th Cir. 2009) (acknowledging that cases involving even as much as two months' disciplinary segregation may be insufficient to give rise to due process claim under Sandin).

D.  Denial of Access to the Courts

Although plaintiff has included other claims, the thrust of his complaint seems to be that defendant Grams prevented him from litigating other lawsuits by denying his requests for library time and legal loans.  In an earlier order, I explained to plaintiff that under Fed. R. Civ. P. 8, he could not proceed on his access to the courts claim against Grams unless he provided details about the lawsuits he has attempted to litigate and explained how Grams

6

has interfered with plaintiff's ability to litigate those lawsuits.

Plaintiff's amended complaint contains the same shortcomings as his original complaint. This time plaintiff identifies one state civil case, 03-cv-3547, but he does not suggest that Grams interfered with his ability to litigate that case. (He also mentions two state criminal cases, 01-cm-614 and 05-cf-723, but in his amended complaint, he mentions them only to explain why he was in prison.) Although plaintiff alleges that Grams's denial of legal loans has affected his ability to pursue *administrative* grievances outside the prison (presumably because he cannot obtain postage), his inability to pursue grievances does not implicate the constitutional right to have access to the courts so long as he can still file or maintain a lawsuit related to that grievance. Lewis v. Casey, 518 U.S. 343, 351 (1996). With respect to lawsuits, all plaintiff alleges is that Grams "completely stopped" plaintiff from "presenting a halfway decent petition," despite the fact that plaintiff had "statutory deadlines in both state and federal court."

Plaintiff has filed a separate document that he calls a "preamble" in which he gives additional details about the cases in which he has "missed deadlines" as a result of defendant Grams's interferences. Dkt. #21, at 9 (plaintiff labels the page as (5)(A)). According to plaintiff, after he renewed his attempts to litigate 03-cv-3547 at the beginning of 2009, he ran out of legal loans. After that, he had five separate cases related to his criminal convictions dismissed "because the warden refused" to provide him legal loans. In addition, plaintiff notes that he has "miss[ed] far too many administrative [and] judicial time limits and deadlines." Id. at 13 ((7)(A)).

7

Although the allegations in the preamble help explain plaintiff's concern with Grams, the preamble is not part of the complaint. As I explained to plaintiff in an earlier order, his complaint must be a single document. He cannot continue to submit "pieces" of his complaint at separate times and hope that the court and defendant will know what his case is about. Instead, he must submit a single document that contains *all* the allegations he needs to state his claims for relief.

Even if I could consider plaintiff's "preamble" as part of his complaint, the allegations do not suffice. Although plaintiff has identified cases and explained briefly what has happened in each case (dismissal), he has not explained why defendant Grams is responsible for those results. He mentions vaguely that he missed "statutory deadlines" and suggests that he may not have missed those deadlines had he had better access to the law library and had he received additional loans, but he does not explain *how*. For each case, what did plaintiff need to research and what did plaintiff lack that legal loans would have remedied? For example, did plaintiff miss all his deadlines because he had no pen, paper or postage? Finally, for each case, what did each court say when it dismissed his case? Were they all dismissed for his failure to timely respond to a deadline? Did he try to file late documents only to have the court disregard them?

Plaintiff must answer these questions if he wants to hold defendant Grams liable for the losses he has suffered in these underlying cases. He cannot do so unless Grams' interferences caused those losses. It is not enough that more library time and legal loans would have been helpful; plaintiff must show that his inability to do research or obtain legal

loans interfered with his succeeding in a case.  On a related note, it appears that the five cases that plaintiff identifies all involve challenges to two criminal convictions.  The fact that plaintiff has filed and lost repeated appeals and habeas petitions challenging the same convictions suggests that some or all of those cases lack merit.  If it turns out that these cases were frivolous, then plaintiff cannot prevail on his access to the courts claim regardless whether Grams interfered with plaintiff's litigation.  <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 (2002) (claim for denial of access to courts requires plaintiff to show that he had *non-frivolous* underlying cause of action that has been lost or impeded).


E.  <u>Conclusion</u>

Plaintiff seems to recognize that his complaint could have problems and has asked the court for a "<u>Spears</u>" hearing, citing <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).  In that case, the court noted that, in a pro se case, district courts may hold a courtroom hearing as a substitute for a motion for a more definite statement.  <u>Id.</u>  It seems that what plaintiff would like is to describe his claims verbally to allow the court to explore whether any valid claim rests somewhere beneath his bare allegations.  Plaintiff's request is understandable, especially in light of his struggles to comply with Fed. R. Civ. P. 8 and 20.  However, this court does not use <u>Spears</u> hearings to obtain more definite statements.  Instead, when a pro se litigant fails to allege sufficient facts, the shortcomings are described in an order such as this one and the litigant is given an opportunity to amend his complaint.  Therefore, I will deny plaintiff's request for a <u>Spears</u> hearing.

9

Even if I were to consider conducting <u>Spears</u> hearings in some cases, this would not be a good candidate for such a hearing. Plaintiff's problem is not that he struggles to articulate his concerns on paper; he has submitted numerous filings in this case, many of considerable length. For example, plaintiff's preamble was fourteen handwritten pages and his amended complaint was ten typed pages. Plaintiff's problem is that he has not focused on the *facts* relevant to his claims. For example, rather than explain what he could not obtain when he was denied legal loans or provide details about why his cases were dismissed, plaintiff devotes much of his preamble to why *state administrative rules* require defendant Grams to give him legal loans, a matter that is not even relevant to the federal constitutional questions at issue in the case.

Plaintiff will have another opportunity to amend his complaint, in writing, to address the shortcomings I have identified in this order. This time, he should focus on giving *facts* about his case, that is, providing details about *what happened*: for example, what did he need to litigate each case, what did Grams do, what did each court say when it dismissed his case?

Once again, plaintiff's remaining motions, for a preliminary injunction and for appointment of counsel, will have to wait until he submits a complaint that complies with the Federal Rules of Civil Procedure.


ORDER

IT IS ORDERED that

1. Plaintiff Derrick L. Smith's motion for a <u>Spears</u> hearing, dkt. #21, is DENIED.

10

2.  Plaintiff's request for leave to proceed in this action is DENIED and the amended complaint is DISMISSED because it is in violation of Fed. R. Civ. P. 8.

3.  A decision on plaintiff's motion for a preliminary injunction, dkt. #21, and motion for appointment of counsel, dkt. #22, is STAYED.

4.  Plaintiff may have until January 5, 2010, in which to submit a proposed second amended complaint that conforms to the requirements of these rules.  If, by January 5, 2010, plaintiff fails to respond to this order, the clerk of court is directed to close this case for plaintiff's failure to prosecute.

5.  If, by January 5, 2010, plaintiff submits a revised complaint as required by this order, I will take that complaint under advisement for a determination whether plaintiff may proceed in this action pursuant to 28 U.S.C. § 1915.

Entered this 16th day of December, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

11