IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DERRICK L. SMITH,

                           Plaintiff,

    v.

GREGORY GRAMS, Warden,

                           Defendant.

ORDER

09-cv-387-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On February 2, 2010, I dismissed with prejudice plaintiff Derrick L. Smith's claims that defendant Gregory Grams retaliated against him, acted with deliberate indifference to his serious medical needs and violated his rights to due process and equal protection for failure to state a claim upon which relief may be granted.  Also, I dismissed plaintiff's access to the courts claim concerning his civil cases with prejudice for failure to state a claim upon which relief may be granted and dismissed his access to the courts claim concerning habeas and criminal appeals cases without prejudice for his failure to exhaust his administrative remedies.

      Now plaintiff has filed a notice of appeal of the February 2 decision.  Because he has not paid the $455 fee for filing an appeal, I construe his notice as a request for leave to

1

proceed in forma pauperis on appeal. A district court has authority to deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is in bad faith or if the litigant is a prisoner and has three strikes. § 1915(a)(1),(3) and (g). Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998). Plaintiff's request for leave to proceed in forma pauperis on appeal will be denied, because I am certifying that his appeal is not taken in good faith.

In Lucien v. Roegner, 682 F.2d 625, 626 (7th Cir. 1982), the court of appeals instructed district courts to find bad faith in cases in which a plaintiff is appealing the same claims the court found to be without legal merit. Lee v. Clinton, 209 F.3d 1025, 1027 (7th Cir. 2000). Plaintiff is trying to appeal the same claims that I dismissed for failure to state a claim upon which relief may be granted, together with the one claim that I dismissed for his failure to exhaust his administrative remedies. He was provided two opportunities to amend his complaint to repair pleading defects and failed to do so. Because there is no legally meritorious basis for plaintiff's appeal, I must certify that the appeal is not taken in good faith.

Because I am certifying plaintiff's appeal as not having been taken in good faith, he cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Under Fed. R. App. P. 24, plaintiff has 30 days from

2

the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. With his motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Plaintiff should be aware that he must file these documents in addition to the notice of appeal he has filed previously. If plaintiff does not file a motion requesting review of this order, the court of appeals may not address the denial of leave to proceed in forma pauperis on appeal. Instead, it may require plaintiff to pay the entire $455 filing fee before it considers his appeal. If plaintiff does not pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal.

ORDER

IT IS ORDERED that plaintiffs Derrick L. Smith 's request for leave to proceed in forma pauperis on appeal is DENIED. I certify that his appeal is not taken in good faith.

Entered this 9th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3